## Echard v. Montgomery et al.

*Anthony Cavalcante,* for plaintiff.
*C. W. Martin,* for defendants.

DUMBAULD, P. J., December 19, 1941.—This proceeding has for its purpose the securing of a legal answer to two questions:

"1. Is the Act of March 13, 1815, P. L. 177, and its amendments and supplements, still in force so far as it requires treasurer's deeds to the county commissioners to be acknowledged before a justice of the peace?

"2. If said Act of 1815 is not in force, may the county treasurer acknowledge said deeds before a judge of the court of common pleas . . . ?"

An answer to these questions is required because the writer of this opinion, in Forsyth v. Crossland, 3 Fay. L. J. 259, used this language (p. 268) :

"All treasurer's deeds must be acknowledged. Where the sale is to an individual, the acknowledgment must be in open court. Where the sale is to the commissioners, the acknowledgment must be before a justice of the peace. Without such acknowledgment no title passes. . . . .

"When the deed is to the commissioners, a different legal situation appears. There, the acknowledgment is taken before a justice of the peace. The discussion of this feature by Boose, P. J., of the Common Pleas of Somerset County, in McNutt v. Somerset County, 17 D. & C. 525, is so clear and decisive that we incorporate it verbatim."

At this point the opinion of Boose, P. J., is quoted at length.

Upon that opinion Judge Boose based a conclusion of law in the following language (quoted in 3 Fay. L. J., p. 270):

"A deed from the treasurer to the commissioners for lands purchased by the latter is absolutely necessary to vest title in the county.

"Such deed is required to be acknowledged before a justice of the peace, and not in open court of common pleas."

In a supplemental opinion, he made this suggestion (quoted at p. 271):

". . . But this difference seems to be so deeply rooted, both by statute and court decisions, in our law, that it is not for the courts, at least not a court of subordinate jurisdiction, to change or correct the existing law. This change, if it is to be brought about, should be by act of the legislature and not by court decision. It is our plain duty to follow the law as declared until changed or altered by higher authority."

This opinion was filed on April 25, 1932. After quoting it thus at length, the trial judge said:

"We have found no legislation that has carried out this suggestion of Judge Boose."

In the petition for declaratory judgment filed in this case, the solicitor for the county controller calls our attention to an act of assembly which was on the statute books at the time when Boose, P. J., made his decision and at the time when the case of Forsyth v. Crossland, supra, was decided in our court.

The solicitor insists that the provisions of this act of assembly establish, in express terms, a cure for the conditions arising out of the Act of March 13, 1815, P. L. 177.

We agree with this contention. The act of assembly is that of April 23, 1909, P. L. 156, section 1 of which provides:

"Be it enacted, &c., That hereafter it shall and may be lawful for county treasurers, county commissioners, executors, administrators, trustees, or other persons acting in any official or representative capacity, where now required or authorized by law to acknowledge deeds or other instruments before a justice of the peace, to acknowledge the same before a notary public or any other officer authorized by law to take acknowledgments of deeds; and any acknowledgments of deeds or other instruments, heretofore made as authorized hereby, are validated and made good and effectual: Provided, That this act shall not apply to any case heretofore adjudicated, or in which proceedings at law or in equity are now pending."

The language of this section seems so plain that a wayfaring man, though a fool, need not err therein. Had this act of assembly been called to the attention of the trial judge in Forsyth v. Crossland, or had original research on his part discovered the existence of this act, the statement hereinbefore quoted, that "we have found no legislation that has carried out this suggestion of Judge Boose" would not have been incorporated in the opinion in that case.

The act specifically mentions county treasurers. It refers to the fact that county treasurers and other of-

ficials and fiduciaries may be required or authorized by law to acknowledge deeds or other instruments before a justice of the peace. It specifically states that it shall and may be lawful for such persons to acknowledge the same before a notary public or any other official authorized by law to take acknowledgments of deeds. It, therefore, makes it lawful for the county treasurer to acknowledge a deed, either to an individual or to a county, before any officer authorized by law to take acknowledgments of deeds. A common pleas judge is authorized by law to take acknowledgments of treasurer's deeds.

This is one instance where it becomes a pleasure to correct an earlier mistake. We are advised by the petition that a correction of the mistake will save the county approximately $15,000 in fees for acknowledgment of treasurer's deeds alone. This is certainly a consummation devoutly to be wished. We, therefore, hasten to correct our former error and make an order in accordance with the law as we now understand it to be. It is hard to keep from expressing the wish that other errors might be corrected with the same saving result.

### Order of court

Now, December 19, 1941, upon and after consideration of the questions presented in the petition for declaratory judgment, it is ordered and directed that a declaratory judgment or decree be entered, deciding that the Act of March 13, 1815, P. L. 177, and its amendments and supplements, are superseded, insofar as they require a treasurer's deed to the county commissioners to be acknowledged before a justice of the peace, by the Act of April 23, 1909, P. L. 156, and that, therefore, a county treasurer is authorized by law to acknowledge all deeds required to be executed by him before a notary public or other officer authorized by law to take acknowledgments of deeds.

---

NOTE—See also Act of May 29, 1931, P. L. 280, as amended by the Act of March 24, 1933, P. L. 18.